******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# CHRISTOPHER J. TAYLOR *v.* LISA POLLNER
## (AC 44517)

Alvord, Moll and Alexander, Js.

*Syllabus*

The plaintiff sought to acquire title to a certain parcel of the defendant's real property through adverse possession, and the defendant filed a counterclaim seeking to quiet title. The trial court ordered the parties to respond to discovery and appear for depositions by a certain date, stating that the failure to comply with its order could result in sanctions, including, inter alia, fines. Thereafter, the plaintiff moved for an extension of time for his deposition, which the court denied. The defendant, represented by two law firms, filed two motions for order pursuant to the rule of practice (§ 1-21A), requesting that the plaintiff pay her attorney's fees and claiming that the plaintiff failed to respond to discovery in a timely manner, had failed to appear substantively at his deposition, and had executed documents under oath after previously indicating his inability to do so, and her counsel attached affidavits thereto. The plaintiff did not object or respond to the defendant's motions for order. The plaintiff thereafter withdrew his complaint. The matter was tried to the court, which rendered judgment for the defendant as to her counterclaim, quieting title to the property. The court granted the motions for order and ordered monetary sanctions against the plaintiff comprised of attorney's fees in the amounts of $4859.55 and $5800, reasoning that the plaintiff failed to comply with the court's scheduling order and his discovery obligations and failed to respond to several of the defendant's motions. The plaintiff appealed to this court, claiming, inter alia, that the trial court abused its discretion in awarding monetary sanctions to compensate the defendant for attorney's fees. *Held* that this court declined to review the plaintiff's claims that the trial court's award of attorney's fees to the defendant was improper and that those fees were excessive, unreasonable, and clearly erroneous: in accordance with *Smith* v. *Snyder* (267 Conn. 456), which indicates that the other party must oppose or otherwise take action in response to a request for attorney's fees, the plaintiff's failure to oppose or to present any challenge regarding the attorney's fees to the trial court prior to its granting of the motions for order, precluded this court's review of his complaints regarding those fees at this juncture.

Submitted on briefs December 6, 2021—officially released January 25, 2022

*Procedural History*

Action seeking a judgment determining the rights of the parties to certain real property, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the defendant filed a counterclaim; thereafter, the plaintiff withdrew his complaint; subsequently, the matter was tried to the court, *Cordani, J.*; judgment for the defendant, from which the plaintiff appealed to this court; thereafter, the court, *Cordani, J.*, granted the defendant's motions for sanctions, and the plaintiff amended his appeal. *Affirmed.*

*Hale C. Sargent* filed a brief for the appellant (plaintiff).

*Stephen G. Walko* and *Andrea C. Sisca* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. In this quiet title action, the plaintiff, Christopher J. Taylor, appeals from the judgment of the trial court to the extent that the court awarded attorney's fees to the defendant, Lisa Pollner, pursuant to Practice Book § 1-21A. On appeal, the plaintiff claims that the court abused its discretion in awarding monetary sanctions to compensate the defendant for her attorney's fees and that those fees were excessive, unreasonable, and clearly erroneous. We affirm the judgment of the trial court awarding attorney's fees to the defendant.

The following facts and procedural history are relevant for our resolution of this appeal. On June 12, 2020, the plaintiff initiated the underlying action for adverse possession of a three-quarter acre portion of the property known as 365 Cross Highway in Fairfield. On August 27, 2020, the defendant responded by filing an answer, special defenses, and counterclaim. In her pleading, the defendant alleged that the property was under a contract for sale with a closing scheduled for August 21, 2020. She further claimed that the plaintiff had placed a lis pendens on the property with malice and knowledge in order to disrupt the pending sale. In the defendant's counterclaim, she set forth counts of trespass in tort, private nuisance, tortious interference with a contract, statutory slander of title, common law slander of title, an action to quiet title, and unjust enrichment.

On September 29, 2020, the court, *Stevens, J.*, issued an expedited scheduling order. The court noted that the failure to comply with the scheduling order could result in sanctions, including fines, the exclusion of evidence at trial, dismissal, default, or nonsuit. The court set a deadline of November 6, 2020, for the parties to object to or file responses to written discovery requests. The court ordered all depositions to be completed by November 25, 2020.

On November 9, 2020, the court, *Cordani, J.*, denied the plaintiff's October 16, 2020 motion for an extension of time for his deposition. The court determined that the plaintiff had failed to present any evidence of a medical condition that inhibited his ability to sit for a deposition, and that, given that the pending sale of the property had been delayed by the plaintiff's filings, his "unsupported motion and uncertain position is insufficient to allow a deviation from the pending scheduling order." The court, however, offered the plaintiff the opportunity to present "compelling evidence of certain unavailability" at the next status conference. Following the November 16, 2020 status conference, the court issued an order confirming that the scheduling order remained unchanged and "in full force and effect."

On December 16, 2020, the defendant withdrew all

of the counts of her counterclaim except for the action to quiet title. On that same day, one of the law firms representing the defendant filed a motion for order pursuant to Practice Book § 1-21A (motion for order),[1] requesting the plaintiff pay the defendant's attorney's fees totaling $4859.55 as a result of his "blatant disregard for multiple orders of this court." Specifically, the defendant alleged that the plaintiff had failed to respond to discovery in a timely fashion, had failed to appear "substantively" at his November 20, 2020 deposition, and had executed documents under oath after previously indicating his inability to do so due to the ingestion of medications. On the same day, the second law firm representing the defendant filed a similar motion, captioned as a supplemental motion for order of attorney's fees, seeking the amount of $5800 (supplemental motion for order). Each of the defendant's counsel attached an affidavit to the respective motion for order and the supplemental motion for order in support of the claimed attorney's fees. The plaintiff did not file an objection or response to either motion.

On January 7, 2021, the plaintiff withdrew his complaint. The next day, the court conducted a brief trial where only the defendant testified. The court found in favor of the defendant on the sole remaining count, her claim to quiet title.

The same day, the court issued an order granting the December 16, 2020 motion for order and awarded the defendant $4859.55 in attorney's fees. The court found that when the plaintiff appeared for his November 20, 2020 remote deposition, he "engaged in an unprovoked profanity laden, insulting tirade against the defendant's counsel, and refused to proceed with the deposition." It further noted that the plaintiff failed to respond to the defendant's motion for nonsuit or order of compliance, motion in limine and motion for judgment, or to comply with the court's scheduling order and his discovery obligations. The court concluded by finding that "the plaintiff's conduct during this litigation has been unreasonable and egregious. The plaintiff's conduct has caused the defendant to incur attorney's fees that she should not have been forced to incur." Finally, the court noted that the request for attorney's fees and the amount of said fees, were reasonable. The court issued a second order on January 8, 2021, granting the supplemental motion for order and awarded the defendant an additional $5800 in attorney's fees.

On January 11, 2021, the plaintiff filed a motion to reargue pursuant to Practice Book § 11-11. The court denied that motion eight days later. On January 21, 2021, the court rendered judgment in favor of the defendant with respect to her quiet title claim, discharged the lis pendens filed by the plaintiff on the property, and noted that the judgment included an award of $10,659.55 against the plaintiff. This appeal followed.[2]

In his appeal, the plaintiff challenges the attorney's fees awarded to the defendant. Specifically, he claims that the court abused its discretion in awarding attorney's fees to the defendant and that the amount awarded was excessive, unreasonable, and clearly erroneous. The defendant counters, inter alia, that we should not review the plaintiff's appellate claims because he failed to raise them before the trial court. We agree with the defendant.

This court has often stated that "[w]e will not decide an appeal on an issue that was not raised before the trial court. . . . To review claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *Kirwan* v. *Kirwan*, 187 Conn. App. 375, 391 n.13, 202 A.3d 458 (2019); see also *Hirschfeld* v. *Machinist*, 181 Conn. App. 309, 329 n.4, 186 A.3d 771 ("[w]e will not promote a Kafkaesque academic test by which [a trial judge] may be determined on appeal to have failed because of questions never asked of [him] or issues never clearly presented to [him]" (internal quotation marks omitted)), cert. denied, 329 Conn. 913, 186 A.3d 1170 (2018).

Our Supreme Court's decision in *Smith* v. *Snyder*, 267 Conn. 456, 839 A.2d 589 (2004), controls the resolution of this appeal. The defendants in that case claimed that the trial court had abused its discretion in awarding $20,000 in attorney's fees to the plaintiff. Id., 470. At the outset of its analysis, our Supreme Court noted that, even though the plaintiff statutorily was entitled to attorney's fees, "it was incumbent upon [the plaintiff] to prove the amount of fees to which it was entitled . . . ." Id., 471. Additionally, the court explained that the reasonableness of an award of attorney's fees must be proved by an appropriate evidentiary showing and not based solely on the trial court's general knowledge of attorney's fees. Id., 471–72. Ultimately, it concluded that "when a court is presented with a claim for attorney's fees, the proponent must present to the court . . . a statement of the fees requested and a description of [the] services rendered. . . . Such a rule leaves no doubt about the burden on the party claiming attorney's fees and affords the opposing party an opportunity to challenge the amount requested at the appropriate time." (Footnote omitted.) Id., 479.

Our Supreme Court further indicated that the other party must oppose or otherwise take action in response to a request for attorney's fees. Id., 480–81. "Although the proponent bears the burden of furnishing evidence of attorney's fees at the appropriate time, once the plaintiffs in this case did make such a request, the defendants should have objected or at least responded to that request. Had the defendants demonstrated any interest in objecting to the plaintiffs' request for attor-

ney's fees, the trial court would have been obligated to grant the defendants an opportunity to be heard. . . . Accordingly . . . we conclude that a reversal of the award in the present case is not justified in light of the defendants' failure, prior to this appeal, to interpose *any objection whatsoever* to the plaintiffs' request for attorney's fees. In other words, the defendants, in failing to object to the plaintiffs' request for attorney's fees, effectively acquiesced in that request, and, consequently, they now will not be heard to complain about that request." (Citations omitted; emphasis in original.) Id.; see also *William Raveis Real Estate, Inc.* v. *Zajaczkowski*, 172 Conn. App. 405, 425–26, 160 A.3d 363, cert. denied, 326 Conn. 906, 163 A.3d 1205 (2017).

In the present case, the court explained that it had awarded the defendant attorney's fees as a sanction to compensate her losses, namely, "attorney's fees [that] she should not have been compelled to incur." See Practice Book § 1-21A. The plaintiff failed to file a response to either of the December 16, 2020 motions for order and did not present any challenge regarding the attorney's fees to the trial court prior to its granting of the motions for order.[3] In other words, the plaintiff did not object to the requests for attorney's fees before the trial court, and, therefore, in accordance with our precedent, we decline to hear his complaints about the awarding of those fees at this juncture.[4] See *Smith* v. *Snyder*, supra, 267 Conn. 481.

The judgment of the trial court awarding attorney's fees to the defendant is affirmed.

[1] Practice Book § 1-21A provides: "The violation of any court order qualifies for criminal contempt sanctions. Where, however, the dispute is between private litigants and the purpose for judicial intervention is remedial, then the contempt is civil, and any sanctions imposed by the judicial authority shall be coercive and nonpunitive, including fines, to ensure compliance and compensate the complainant for losses. Where the violation of a court order renders the order unenforceable, the judicial authority should consider referral for nonsummary criminal contempt proceedings."

[2] On January 28, 2021, the plaintiff filed his appeal challenging the court's judgment in favor of the defendant on her quiet title claim. On February 8, 2021, the plaintiff amended his appeal to include attorney's fees awarded to the defendant and the denial of his motion for reargument. The plaintiff, however, has not advanced any argument in his appellate brief regarding the judgment rendered in favor of the defendant with respect to her quiet title claim or the denial of the motion for reargument.

[3] In his January 11, 2021 motion to reargue, the plaintiff offered the bald, unsupported assertion that the defendant had failed to present evidence to support her claim, and, therefore waived her claim for attorney's fees. We note that, in both motions for order, the attorneys submitted an affidavit of fees.

[4] The plaintiff briefly claims that his right to due process was violated when the court awarded the defendant attorney's fees without a hearing. On appeal, the plaintiff neither requested *Golding* review nor addressed its four prongs. "We consider unpreserved claims of constitutional magnitude according to the requirements of [*State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 780–81, 120 A.3d 1188 (2015)] . . . . [A party's] failure to address the four prongs of *Golding* amounts to an inadequate briefing of the issue and results in the unpreserved claim being abandoned. . . . We will not engage in *Golding* . . . review on the basis of . . . an inadequate brief." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Guiliano* v. *Jefferson Radiology, P.C.*, 206 Conn. App. 603, 624, 261 A.3d 140 (2021).